IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WANDA L. CURRY *et al.*,                                              PLAINTIFFS

V.                            05-CV-1058

AERVOE INDUSTRIES, INC., *et al.*                                    DEFENDANTS

And

JUANITA WEST, Executrix of the
Estate of PAUL W. WEST, Deceased                                      PLAINTIFFS

v.                            05-CV-1099

AERVOE INDUSTRIES, INC., *et al.*                                    DEFENDANTS

ORDER

Currently before the Court are Plaintiffs' Motions to Remand (Doc. 14 in 05-CV-1058; Doc. 32 in 05-CV-1099) and Separate Defendant Radiator Specialty Company's (Radiator Specialty) responses (Doc. 27 in 05-CV-1058; Doc. 36 in 05-CV-1099) which Separate Defendant Halley Oil Company adopts (Doc. 29 in 05CV-1058). Separate Defendant Radiator Specialty also filed supplemental briefs in response (Doc. 36 in 05-CV-1058; Doc. 39 in 05-CV-1099). For the following reasons, Plaintiffs' Motions to Remand are GRANTED.

**Background**

The Plaintiffs worked at a Georgia-Pacific factory in Crossett, Arkansas that manufactured various paper products. Some of the chemicals used in the manufacturing process included: benzene, toluene, xylene, xylol, naphtha, methyl ethyl ketone,

gasoline, diesel fuel and resultant exhausts, paints enamels, epoxies, coatings, resins, coal tar paste, paint additives, primers, solvents, mineral spirits, thinners, reducers, lacquers, sealers, varnish, and hardners (chemicals). Plaintiffs allege they were exposed to these chemicals daily, and the resultant exposure caused them to develop adverse health conditions, including non-Hodgkin's lymphoma, chronic lymphocytic leukemia, multiple myeloma, acute myelogenous leukemia, and chronic myelogenous leukemia.

On May 31, 2005, and August 31, 2005, respectively, Plaintiffs filed complaints in the Circuit Court of Ashley County, Arkansas, against various factory suppliers and 10 John Doe Companies alleging Defendants committed various torts when they failed to warn of the health dangers associated with the chemicals. Plaintiffs specifically disclaimed any and all claim arising under the Constitution, treaties, or laws of the United States. (Plaintiffs' Complaint, ¶ 16). Separate Defendant Radiator Specialty removed the cases on July 6, 2005, and October 18, 2005, contending that federal question jurisdiction arose under the Federal Hazardous Substances Act (FHSA), and the Consumer Product Safety Commission (CPSC) and its Regulations, and Plaintiffs' state-law tort claims were therefore preempted. Plaintiffs move to remand this action to the Circuit Court of Ashley County, Arkansas.

**Discussion**

Radiator Specialty removes the case from state court to

federal court contending that this Court has jurisdiction because Plaintiffs' complaint raises a cause of action that originally could have been brought in federal court because it arises under federal law. A defendant has a right to remove a case from state to federal court if the plaintiffs' cause of action arose under federal law. *See* 28 U.S.C. § 1441(b). As the party seeking removal and opposing remand, Radiator Specialty has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. Of America*, 992 F.2d 181, 183 (8th Cir. 1993).

Federal district courts have original jurisdiction over "federal question" cases, which "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Plaintiffs did not plead a federal question in their complaint and expressly disclaimed any and all claims arising under the Constitution, laws, or treaties of the United States. Radiator Specialty contends that we should pierce the pleadings to determine

the true nature of the Plaintiffs' complaint. Radiator Specialty contends Plaintiffs' allegation regarding a failure to warn is governed by the FHSA and that Plaintiffs' complaint then arises under federal law. Radiator Specialty removes the case to this Court contending that the FHSA preempts Plaintiffs' state law claims. Plaintiffs contend that the FHSA does not carry the preemptive force necessary to support federal question jurisdiction.

The doctrine of preemption, the resolving of any conflict between federal and state law, flows from the Supremacy Clause of the Constitution. *See* U.S. Const. Art. VI, cl. 2. Preemption may occur in two ways with the first turning on ascertaining the intent of Congress. Congress may expressly provide that federal law supplants state authority in a particular field or its intent to do so may be inferred from its regulating so pervasively in the field as not to leave sufficient vacancy within which any state can act. *See, e.g., Rice V. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Or absent an express or implied congressional intent to preempt state authority in a field, state law is nevertheless preempted by operation of law to the extent that it actually conflicts with federal law. *See Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, ----, 111 S.Ct. 2476, 2482, 115 L.Ed.2d 532 (1991).

Ordinarily, federal preemption is a defense and will not

support removal. *Metropolitan Life,* 481 U.S. at 63. However, an exception to the well-pleaded complaint rule is the doctrine of complete preemption which essentially permits a district court to "convert[] an ordinary state common-law complaint into one stating a federal claim." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

In applying the complete preemption doctrine[1], courts generally look first to the preemptive scope of the federal statute and second to its preemptive force. *See Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). A statute's preemptive force is measured by the extent to which it precludes state court consideration of claims falling within the statute's preemptive scope. *Id.* Only where the federal statute's preemptive scope is sufficiently broad to reach a purported state law claim *and* its preemptive force is sufficiently powerful to convert that particular claim into a federal claim will the complete preemption doctrine apply. *Custer*, 89 F.3d at 1165 (emphasis in original).

The U.S. Supreme Court recognized two presumptions with reference to the nature of preemption. First, because the States are independent sovereigns in our federal system...Congress does not cavalierly preempt state law causes of action. *Medtronic,*

---

[1] The complete preemption doctrine is extraordinary and has only been recognized under two statutes: § 301 of the Labor Relations Management Act in *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), and § 502 of the Employee Retirement Income Security Act in *Metropolitan Life Inc. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

*Inc., v. Lohr*, 518 U.S. 470, 485, 116 S.Ct. 2240, 2250 (1996). Second, analysis of the scope of the statute's preemption is guided by the comment that "the purpose of Congress is the ultimate touchstone" in every preemption case. *See Medtronic*, 518 U.S. at 485; *see also Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 2617; *Gade*, 505 U.S., at 96, 112 S.Ct., at 2381-2382; *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 1190, 55 L.Ed.2d 443 (1978).

The Fourth Circuit discussed the purpose of Congress in passing the FHSA in *Moss v. Parks Corp.*, 985 F.2d 736 (4th Cir.), *cert. denied*, 509 U.S. 906, 113 S.Ct. 2999, 125 L.Ed.2d 693 (1993). The *Moss* court, in deciding whether Congress intended to preempt the regulations of hazardous substances to such a degree as to preclude claimants from suing private parties for money damages for alleged violations of the FHSA under either the statute itself or through a state law tort action, examined Congress' intent in passing the FHSA and set forth the relevant history of the statute's limited preemption provision:

> The FHSA was enacted in 1960. The purpose of the law was to "provide nationally uniform requirements for adequate cautionary labeling of packages of hazardous substances which are sold in interstate commerce and are intended or suitable for household use." As enacted, the FHSA did not contain a preemption section. However, when the Act was amended in 1966, the legislative history discussed the impracticality of having the states produce potentially fifty different labels for a particular hazardous substance. Congress recommended "a limited preemption amendment which would encourage

and permit states to adopt requirements identical with the federal requirements for substances subject to the Federal Act, and to enforce them to complement Federal enforcement."

*Id.* at 739, (citations omitted). The FHSA's preemption provision states:

If a hazardous substance or its packaging is subject to a cautionary labeling requirement under section 2(p) or 3(b) [subsection (p) of this section or section 1262(b) of this title] designed to protect against a risk of illness or injury associated with the substance, no State or political subdivision of a State may establish or continue in effect of a cautionary labeling requirement applicable to such substance or packaging and designed to protect against the same risk of illness or injury unless such cautionary labeling requirement is identical to the labeling requirement under section 2(p) or 3(b) [subsection (p) of this section or section 1262(b) of this title].

15 U.S.C. § 1261 note (1988) (Effect Upon Federal and State Law, § (b)(1)(A), Pub.L. 94-284 § 17(a)). The FHSA prohibits a state from imposing through statute or regulation a labeling requirement that is not identical to the FHSA. The *Moss* court held that so long as a plaintiff charges a manufacturer with violations of the FHSA-mandated labeling requirements and does not seek more stringent labeling requirements, the plaintiff's common law tort action for damages is not preempted. 585 F.2d at 440-441.

In *Worm v. American Cyanamid Company*, 970 F.2d 1301, (4th Cir. 1992), the Fourth Circuit held that the Federal Insecticide,

Fungicide and Rodenticide Act[2] (FIFRA) preempted the plaintiff's failure to warn claims as the plaintiff sought "more elaborate or different" regulations than those promulgated pursuant to FIFRA. However, *Worm* also held that a state may regulate so long as any state law is not different from the federal standard. *Id.* at 1308

This same reasoning was applied by the Eighth Circuit which held that "when a statute only preempts state requirements that are different from or in addition to those imposed by federal law, plaintiffs may still recover under state tort law when defendants fail to comply with the federal requirements." *Mattis v. Carlon Electrical Products*, 295 F.3d 856, 862 (8th Cir. 2002)(quoting *National Bank of Commerce of El Dorado v. Kimberly-Clark Corp.*, 38 F.3d 988, 993 (8th Cir. 1994)). The *Mattis* court also noted that other circuits, interpreting the FHSA preemption provision, held that a plaintiff may not bring a claim for failure to warn based on state requirements that are more elaborate than the FHSA; however, a common law tort action based on failure to warn may be brought for noncompliance with the federal labeling requirements. *Mattis*, 295 F.3d at 862 (*citing e.g. Milanese*, 244 F.3d at 109-110; *Moss*,

---

[2] The preemption issues arising under the FHSA are identical to those arising under FIFRA. *See, e.g., Comeaux v. National Tea Co.*, 81 F.3d 42, 44 (5th cir. 1996) (characterizing the FHSA preemption clause as "almost identical" to that of FIFRA; *National Bank of Commerce of El Dorado v. Kimberly-Clark Corp.*, 38 F.3d 988, 993 (8th Circ. 1994) (agreeing with other circuits that FHSA preemption language is essentially identical to that of FIFRA; *Moss*, 985 F.2d at 741 n.3 ("[t]he preemtion issues arising under FHSA are identical to those arising under FIFRA") (quoting *Chemical Specialties Mfrs. Ass'n, Inc. v. Allenby*, 958 F.2d 941, (9th Cir. 1992)).

985 F.2d at 740).

Radiator Specialty urges us to follow the analysis set out by the U.S. Supreme Court in *Medtronic* to decide whether Congress intended to occupy the field for complete preemption.[3] We do not think that necessary for we are guided by the purpose of Congress. *See Medtronic,* 518 U.S. at 485, 116 S.Ct. at 2250. We are convinced that when Congress enacted the limited preemption provision of the FHSA, it was primarily concerned with the problem of potentially fifty different labeling requirements in state regulations that were not identical to the requirements of the FHSA as opposed to occupying the field to the exclusion of state power. Congress recommended a limited preemption provision to encourage and permit states to adopt requirements identical with the federal requirements. *Moss*, 985 F.2d at 739. To the extent that Plaintiffs' failure to warn claims do not require a standard that is not identical to the FHSA requirement, Plaintiffs' claims are not preempted. Moreover, the ability to maintain a cause of action

---

[3] In *Medtronic*, a sharply divided Supreme Court described a series of requirements necessary for a finding of preemption under the 1976 Medical Device Amendments to the Federal Food, Drug, and Cosmetic Act of 1938. To be preempted, State requirements must be "with respect to" medical devices and "different from, or in addition to," federal requirements. *Medtronic*, 518 U.S. at 500, 116 S.Ct. 2240. State requirements must also relate "to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device," and state requirements of "general applicability" are subject to preemption only if they have the effect of establishing a substantive requirement for a specific device. *Id*. Federal requirements must also be "applicable to the device" in question; that is, they must be "specific counterpart regulations" or specific to the particular device. *Id*. State law will be preempted...when "a particular state requirement threatens to interfere with a specific federal interest. *Id*.

based on the failure to comply with the FHSA is reasonable; otherwise, there would be no redress for harm caused by inadequately labeled products regulated by the federal statute. *See Canty v. Ever-last Supply, Co.*, 685 A.2d 1365 (N.J. Super. Ct. Law Div. 1996).

Radiator Specialty contends the additional preemption provisions within paragraphs two, three, and four of Section 18 of the FHSA further limit state law regulation to the extent that any court's analysis of the FHSA must include discussion of this language. *See* 15 U.S.C. § 1261 note (1988) (Effect Upon Federal and State Law § (b)(2-4). Radiator Specialty argues that a state must take action before it can impose a duty upon a manufacturer of a hazardous consumer product that is more or less stringent than the warnings proscribed by the CPSC. Radiator Specialty concedes it can cite no cases that specifically discuss the additional preemption language. While we agree with Radiator Specialty's reading of the provision, we find the additional language irrelevant to the issue at hand. If a state wishes to impose a duty that is more or less stringent than the FHSA, then the state must follow the action proscribed in that section. If a plaintiff wishes to file a claim against a manufacturer, it may do so as long as it does not seek more or less stringent labeling requirements.

Radiator Specialty contends its only duty to warn is found in the FHSA which may not be supplemented or augmented by a reasonable

man standard in state law. To support this contention, Radiator Specialty cites *Comeaux v. National Tea Co.*, 81 F.3d 42 (5th Cir. 1996). The Fifth Circuit held that the FHSA preempts any state law warnings requirements other than those imposed by the FHSA and its implementing regulations. *Id*. at 43. The *Comeaux* court found undisputed that the warnings were subject to the FHSA and in full compliance. In the present case, we make no finding that any warnings are in full compliance with the FHSA. Moreover, the *Comeaux* court stated it applied the same reasoning to the FHSA and its implementing regulations as did the Fourth Circuit in *Moss* which we noted, *supra*, and with which reasoning we agree and apply today. *See id.* at 44.

Radiator Specialty also cites *Frith v. BIC Corp.*, 863 So.2d 960 (Miss. 2004) to reflect that a state court, after reviewing the purpose of the federal law, has held that a common law cause of action was determined to be preempted by it. However, this case also supports the reasoning that so long as a plaintiff does not seek requirements that are not identical to the ones set out in the FHSA, a plaintiff's common law tort action is not preempted. The *Frith* court noted that the purpose of Consumer Product Safety Act (CPSA) regarding disposable lighters was to set feasible standards for the production of a disposable lighter for the adult consumer to use so that the adult consumer might not choose less safe alternatives to produce fire. The standards were also required to

be child-resistant for children five years of age and younger. The plaintiffs sought a standard so that a ten-year-old could not operate the lighter. The court found this to be a higher standard than that set by the CPSA. This higher standard would make the lighter sufficiently difficult for an adult to operate. The adult might resort to less safe alternatives to produce fire which would thwart the federal objective.

The weight of authority including those cited by Radiator Specialty, require us to conclude that because Plaintiffs' failure to warn claim does not demand that the Defendants should have conformed to any higher standard than that set out by the FHSA, Plaintiffs' claims are not preempted.

**Conclusion**

Based on the foregoing, this court does not have subject matter jurisdiction and Plaintiffs' motions to remand are GRANTED. These actions are remanded to the Circuit Court of Ashley County, Arkansas. All parties are to bear their respective costs. All pending motions (Doc. 20, 25, 26, 43 in 05-CV-1058; Doc. 11, 20, 21, 44 in 05-CV-1099) are DENIED AS MOOT.

IT IS SO ORDERED.

/s/ Robert T. Dawson
Hon. Robert T. Dawson
United States District Judge